UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN F. KERN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 15-14114-LTS |
| INCOME RESEARCH AND MANAGEMENT, | ) ) ) ) | |
| Defendant. | ) ) | |

ORDER

February 15, 2017

SOROKIN, J.

For the reasons that follow, Defendant Income Research & Management's Motion to Dismiss counts three and four of Plaintiff Stephen F. Kern's First Amended Complaint is ALLOWED.

I. BACKGROUND

On December 10, 2015, Plaintiff commenced this action, and on April 1, 2016, he filed a First Amended Complaint ("FAC"). Docs. 1, 5. Plaintiff, a former executive at Income Research & Management ("IRM"), alleges Defendant discriminated against him on the basis of age. Doc. 5 at 1. More specifically, Plaintiff alleges Defendant threatened, during salary negotiations, to fire Plaintiff and replace him with someone younger, and then carried out that threat. Id. at 2. In counts one and two of the FAC, Plaintiff claims discrimination and retaliation, respectively, under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a).

1

Doc. 5 at 10-11.  In counts three and four of the FAC, Plaintiff claims discrimination and retaliation, respectively, under the Massachusetts Fair Employment Practices Act, Mass Gen. Laws ch. 151B (hereinafter, "Chapter 151B" or "151B").  Doc. 5 at 11-12.

On June 17, 2016, Defendant filed the instant Motion under Federal Rule of Civil Procedure 12(b)(6).  Doc. 14.  On July 29, 2016, Plaintiff filed an Opposition.  Doc. 23.  On August 12, 2016, Defendant filed a Reply.  Doc. 25.

II.     COUNT THREE

Defendant argues that count three of the FAC – that, in firing Plaintiff, Defendant committed age discrimination under Chapter 151B – is barred by 151B's statute of limitations.  Doc. 16 at 1.

"While most Rule 12(b)(6) motions are premised on a plaintiff's putative failure to state an actionable claim, such a motion may sometimes be premised on the inevitable success of an affirmative defense," such as a statute-of-limitations defense.  Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006) (citations omitted).  "Dismissing a case under Rule 12(b)(6) on the basis of an affirmative defense requires that (i) the facts establishing the defense are definitively ascertainable from the complaint and other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude."  Id. (citation and internal quotation marks omitted).

Without equitable tolling, Plaintiff's 151B discrimination claim is untimely by over a year.  "[A] civil action under 151B must be filed within three years of the alleged unlawful act."  Abraham v. Woods Hole Oceanographic Institute, 553 F.3d 114, 117 (1st Cir. 2009) (citations omitted).  "[I]n 151B discrimination claims, the three year statute of limitations period begins to

run upon the notice of an upcoming termination of employment rather than when the termination occurs." Id. (citations omitted). While the FAC does not state the date Plaintiff was given notice of termination, it states that Plaintiff was fired in response to a letter he wrote to IRM on August 24, 2011. Doc. 5 at 6-7. Moreover, in his Opposition, Plaintiff states that his "last day of work" at IRM was in August 2011, and that the "three-year statutory time period" expired in August 2014. Doc. 23 at 3, 8. Thus, by all indications, Plaintiff was given notice of termination by August 31, 2011, and the statute of limitations expired by August 31, 2014, more than 15 months before Plaintiff filed this action on December 10, 2015.

The FAC suggests Plaintiff is entitled to equitable tolling because (1) he filed a timely complaint of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") on November 18, 2011;[1] (2) the MCAD represented to Plaintiff as late as 2012, that his claim "would be meaningfully investigated"; (3) Plaintiff "relied upon" that representation in deciding not to file a civil action; and (4) the MCAD "took no meaningful action with respect to Mr. Kern's claim for approximately three years,[2] despite repeated calls from Mr. Kern and his counsel asking for information about status."[3] Doc. 5 at 8-9. In the Opposition, Plaintiff presents two additional pieces of information: (1) that in August 2013, Plaintiff's counsel called

---

[1] Under Chapter 151B, a plaintiff must file an administrative complaint with the MCAD "within 300 days of the date of the occurrence of the alleged unlawful employment practice." Goldstein v. Brigham and Women's Faulkner Hosp., Inc., 80 F. Supp. 3d 317, 323 (D. Mass. 2015) (citations and footnote omitted). Pursuant to the statute's administrative exhaustion requirement, a plaintiff may file a 151B "claim in court no sooner than 90 days after the filing of [the] MCAD complaint, absent written permission from a commissioner, but not later than three years after the alleged unlawful practice occurred." Id. at 324 (citations and internal quotation marks omitted). "[A] plaintiff need not wait for the resolution of the MCAD investigation; the filing of a lawsuit triggers the dismissal of the MCAD complaint if it has not already been resolved by MCAD." Id. (citation and footnote omitted).

[2] On November 30, 2014, after "thoroughly investigat[ing]," the MCAD recommended a "finding of Lack of Probable Cause" for Plaintiff's claim of "discrimination based on age . . . and retaliation." Doc. 15-11 at 6 n.1, 9. Plaintiff appealed, and the MCAD affirmed its decision on April 16, 2015. Doc. 15-16 at 2.

[3] In his Opposition, Plaintiff states that he "was at all times represented by counsel." Doc. 23 at 3 n.2. Plaintiff further states that, at least in his Opposition, "[t]he reference to actions taken by 'Kern' with respect to the MCAD here refers to Kern's counsel, although Mr. Kern himself also contacted the MCAD to inquire about status." Id.

3

the MCAD to check on the progress of Plaintiff's complaint and was told that the assigned investigator "had not yet turned to the case, and hoped to do so in the fall,"; and (2) that in January 2014, Plaintiff's counsel called the MCAD and an investigator "apologized that the matter had taken so long to investigate" and appeared not to know about the progress of the case, even asking Plaintiff's counsel whether an investigative conference "had yet been conducted." Doc. 23 at 3 (citations and internal quotation marks omitted). Nevertheless, Plaintiff claims that "[i]n the period leading up to" August 2014, he "decided not to remove his case to Superior Court in reliance upon the MCAD's promises to him concerning the manner in which it would investigate his claims." Id. at 8.

Plaintiff's arguments for equitable tolling are unavailing. "In Massachusetts, such an extraordinary remedy is applied sparingly in employment discrimination cases." Shervin v. Partners Healthcare System, Inc., 804 F.3d 23, 39 (1st Cir. 2015) (citation and internal quotation marks omitted). "Invoking such a palliative is permitted when, say, the plaintiff is excusably ignorant about the statutory filing period, or where the defendant or the MCAD has affirmatively misled the plaintiff." Id. (citation and internal quotation marks omitted). Neither of those circumstances is present in this case: Plaintiff was represented by counsel "at all times," see supra n.2, meaning that "[c]onstructive knowledge of all [of Chapter 151B's] procedural requirements is imputed to" Plaintiff. Andrews v. Arkwright Mut. Ins. Co., 423 Mass. 1021, 1021 (1996); see also Conroy v. Boston Edison Co., 758 F. Supp. 54, 60 (D. Mass. 1991) ("Given that [the plaintiff] retained counsel during the limitations period, this is not a situation where the filing requirements should be equitably tolled."). Moreover, Plaintiff was not required to wait for the MCAD to investigate or decide his case before filing a civil action; he could have filed a civil action as soon as 90 days after filing the MCAD claim, see supra n.1, and the

4

MCAD's jurisdiction would have ended. Pelletier v. Town of Somerset, 458 Mass. 504, 511 n.15 (2010) ("The MCAD's jurisdiction ends when a petitioner files a complaint in the Superior Court.") (citation omitted). Finally, and most critically, there was simply "no affirmative misleading by the MCAD"; rather, the MCAD indicated on multiple occasions that Plaintiff's case was not a priority for the MCAD, telling Plaintiff's counsel that they "hoped" to get to the case in fall 2013, and then, in January 2014, telling Plaintiff's counsel that it had not yet gotten to the case and even asking *counsel* about the progress of the investigation. The Court further notes that Plaintiff does not assert that he or his counsel contacted the MCAD, let alone heard anything "misleading" from the MCAD, during the (at least) six months between January 2014 and August 2014, when Chapter 151B's statute of limitations expired.[4] For all of these reasons, Plaintiff is not entitled to equitable tolling on his 151B discrimination claim. The claim is therefore dismissed as untimely.

III.  COUNT FOUR

In count four of the FAC, Plaintiff claims, under 151B, that Defendant has engaged in post-termination retaliatory conduct "for [his] complaint of age discrimination," by "encouraging witnesses not to cooperate with [Plaintiff] and actively frustrating [his] ability to re-gain employment in the industry." Doc. 5 at 12. The FAC contains no allegations as to when – even approximately – these alleged retaliatory acts occurred, but Plaintiff claims that "[t]his will be one of the subjects of discovery in this matter." Doc. 23 at 5 n.3. However, Plaintiff also states,

---

[4] Mr. Kern argues that his "situation is not unlike the plaintiff's in" Washington v. Milton Bradley Co., 340 F. Supp. 2d 69 (D. Mass. 2004), in which the Court found equitable tolling was appropriate. Doc. 23 at 10. The Court disagrees. Unlike the plaintiff in Washington, who missed the statutory filing period at issue in that case by about a month, see 340 F. Supp. 2d at 72, Mr. Kern missed the filing period in this case by more than 15 months. Doc. 23 at 8. Moreover, unlike the plaintiff in Washington, who "was without assistance of counsel during" the relevant period, 340 F. Supp. 2d at 74, Mr. Kern "was at all times represented by counsel." Doc. 23 at 3 n.2.

5

without citation to any supporting evidence, that when he filed the instant action on December 10, 2015, "less than two years had elapsed since the retaliatory acts had occurred." Id. Thus, for purposes of this Order, the Court will assume that the retaliatory acts occurred after December 10, 2013, and are therefore timely.

Defendant argues that Plaintiff's Chapter 151B retaliation claim is not properly before the Court because Plaintiff has not fulfilled the statute's administrative exhaustion requirement by filing a complaint concerning the allegations with the MCAD. Doc. 14 at 2. Plaintiff counters that the retaliation claim was "properly before the MCAD," and offers two reasons. Doc. 23 at 5. First, because he "alleged retaliation in his initial Complaint filed with the MCAD in November 2011." Doc. 23 at 5 (citing Doc. 15-2 at 12).[5] Second, because "[e]vidence of [Defendant's] continuing, post-termination retaliatory conduct was . . . specifically brought to the MCAD's attention, in writing, in late 2014, shortly after Mr. Kern became aware of it." Id. (citing Doc. 15-12 at 5); contra Doc. 15-12 at 2 (showing that the submission Plaintiff cites is from February 25, 2015, *not* "late 2014"). Plaintiff also suggests the instant retaliation claim is exhausted because it was within the scope of the MCAD's investigation of his complaint. Doc. 23 at 6. Finally, in the alternative, assuming the instant claim is unexhausted, Plaintiff argues it can be "bootstrapped" to his exhausted discrimination claims. Id. at 7. The Court will address each of these arguments in turn.

---

[5] Plaintiff cites "Def. Ex. 2, p. 5," but for the sake of consistency, the Court has converted exhibit citations to the format it uses elsewhere in this Order for documents in the record. The Court may consider the parties' MCAD filings because the MCAD proceedings are referenced in the FAC and neither party questions the documents' authenticity. See Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

A.  Whether Plaintiff's Allegation of Retaliation in the November 2011 MCAD Complaint Administratively Exhausted the Instant Retaliation Claim

As explained earlier, to pursue a Chapter 151B claim in a civil action, a plaintiff must first file a complaint with the MCAD.  See supra n.1.  The purposes of the administrative filing are "(1) to provide the MCAD with an opportunity to investigate and conciliate the claim of discrimination; and (2) to provide notice to the defendant of potential liability."  Everett v. 357 Corp., 453 Mass. 585, 600 (2009) (citations omitted).  These purposes "would be frustrated if the claimant were permitted to allege one thing in the MCAD complaint only to allege something entirely different in the ensuing civil action."  Id. at 602 (citations omitted); see also Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).

Pursuant to these principles, Plaintiff is wrong that the instant retaliation claim was "properly before the MCAD" because he "alleged retaliation" in his November 2011 complaint to the agency.  The only retaliation Plaintiff alleged in that complaint was "retaliatory dismissal."  Doc. 15-2 at 9; see also id. at 12 (stating that Defendant's "conduct in firing him . . . was retaliatory").  He did not allege any post-termination retaliation, as he does here.  Indeed, given that any retaliatory acts at issue in this case occurred on or after December 10, 2013, Doc. 23 at 5 n.3, Plaintiff could not have alleged them in November 2011.  Thus, the allegations supporting Plaintiff's claim of retaliation in the November 2011 MCAD complaint are "entirely different" from those supporting the claim of retaliation here, and did not administratively exhaust the instant claim.  Everett, 453 Mass. at 602.

B.  Whether Plaintiff's Allegations of Retaliation in His February 2015 Submission to the MCAD Administratively Exhausted the Instant Claim

On November 30, 2014, after "thoroughly investigat[ing]" Plaintiff's claims of age discrimination and retaliatory dismissal, the MCAD recommended a finding of Lack of Probable

7

Cause ("LOPC").[6]  Doc. 15-11 at 6 n.1, 9.  On February 25, 2015, Plaintiff appealed the MCAD's LOPC finding.  Doc. 15-12 at 2.  In his appellate submission, Plaintiff stated "[t]here is circumstantial evidence that [Defendant has] retaliated . . . post-termination," and alleged specific acts similar to the ones he alleges in this action.  Id. at 5, 33-34.  Plaintiff requested the MCAD's "aid in investigating" those retaliatory actions, arguing that the agency should "not close its investigation without investigating [Defendant's] post-termination actions against him."  Id. at 5, 34; see also id. at 34 (asking the MCAD to "[r]eopen the case for further investigation").  In its opposition to Plaintiff's administrative appeal, Defendant argued that the MCAD should reject Plaintiff's post-termination retaliation allegations because Plaintiff did not raise them previously.  Doc. 15-14 at 13.  In his reply to the opposition, Plaintiff did not dispute that he raised the allegations for the first time on appeal.  See Doc. 15-15.  On April 16, 2015, the MCAD affirmed its LOPC finding.  Doc. 15-16 at 2.

Plaintiff argues that his February 25, 2015, submission to the MCAD administratively exhausted the instant retaliation claim.  Doc. 23 at 5.  This argument is unavailing.  The MCAD's appeals process permits a complainant to explain "why the Lack of Probable Cause determination is in error," but does not "permit[] the introduction of new allegations based on new facts not encompassed in the already completed administrative investigation being appealed."  Everett, 453 Mass. at 602 (citation and internal quotation marks omitted), 604 (footnote omitted).  In his February 2015 submission, Plaintiff acknowledged that the MCAD had not "investigat[ed] [Defendant's] post-termination actions against him" before issuing the LOPC determination.  Doc. 15-12 at 34.  Thus, his allegations of post-termination retaliatory acts in that submission constituted an impermissible "introduction of new allegations based on new

---

[6] An investigation is "completed" once an "LOPC determination [is] issued."  Everett, 453 Mass. at 603.

facts not encompassed in the already completed administrative investigation being appealed," and, as a result, did not serve to administratively exhaust the instant retaliation claim. Everett, 453 Mass. at 604.

        C.      Whether the Instant Claim Is Administratively Exhausted Because It Was Within the Scope of the MCAD's Investigation

Plaintiff suggests that his instant retaliation claim was within the scope of the MCAD's investigation, and is therefore exhausted. See Doc. 23 at 6. The Court finds otherwise.

"Under what is often termed the scope of the investigation rule, a claim that is not explicitly stated in the administrative complaint may be asserted in the subsequent [civil] action so long as it is based on the acts of discrimination that the MCAD investigation could reasonably be expected to uncover." Everett, 453 Mass. at 603 (citations and internal quotation marks omitted). "Retaliation claims typically fall within the scope of investigation rule." Id. (citations omitted). The instant retaliation claim, however, does not. Plaintiff's November 2011 MCAD complaint did not allege any post-termination retaliatory acts, or any facts that would call for the MCAD to investigate whether such acts occurred. See Doc. 15-2. Any acts supporting the instant retaliation claim occurred on or after December 10, 2013, more than two years after Plaintiff filed the November 2011 MCAD complaint. Plaintiff does not allege, much less show, he told the MCAD about any post-termination retaliatory acts until February 25, 2015, when he was no longer permitted to allege new facts. See supra Section III.B. Thus, the MCAD's investigation could not reasonably have been expected to uncover the alleged acts that support the instant retaliation claim, and the claim is unexhausted. See Everett, 453 Mass. at 603.

9

D. Whether the Instant Claim May Be Bootstrapped to Plaintiff's Discrimination Claims

Even if his instant 151B retaliation claim is unexhausted, Plaintiff argues that the Court should permit him to "bootstrap" it "to his underlying discrimination claims, regardless of whether those claims are asserted under state or federal law." Doc. 23 at 7. The Court rejects this argument.

"A claim of retaliation for filing an administrative charge . . . may ordinarily be bootstrapped onto [another 151B] claim or claims arising out of the administrative charge and considered by the district court, even [if the retaliation claim] has not been put through the administrative process." Franceschi v. United States Dep't of Veterans Affairs, 514 F.3d 81, 86 (1st Cir. 2008) (citation omitted).[7] However, if no other 151B claim is "properly before the court," then there is no claim "to which [an unexhausted] retaliation claim may be bootstrapped." Id. at 87. Thus, in Franceschi, the First Circuit affirmed the dismissal of various Title VII claims because they were unexhausted, then explained that the plaintiff's unexhausted retaliation claim – which "ordinarily" may have been "bootstrapped" – was also subject to dismissal because the "claims to which [it] relate[d] ha[d] been rightly dismissed." Id. at 86-87.

Here, there is no exhausted 151B discrimination claim "properly before the court," i.e., being "considered by the . . . court." Id. at 86-87. That claim is untimely and "ha[s] been rightly dismissed." Id. at 87. Thus, there is no claim to which Plaintiff's unexhausted 151B retaliation claim "may be bootstrapped." Id. As a result, that claim must be dismissed as well. Id.

---

[7] Franceschi is a Title VII case, not a Chapter 151B case. However, the Supreme Judicial Court of Massachusetts (SJC) "often look[s] to" federal anti-discrimination law when interpreting Chapter 151B, unless the case before it concerns a 151B provision that differs from federal law. Bain v. City of Springfield, 424 Mass. 758, 765 n.4 (1997). The elements of a retaliation claim under Title VII and 151B are the same, and "neither party has identified meaningful distinctions between [the statutes] that would affect the outcome here." Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 215 n.9, 218-19 (1st Cir. 2016). Thus, the Court looks to Title VII cases to help resolve this case.

10

Kern points out that Franceschi considered a case in which the plaintiff advanced a timely but unexhausted discrimination claim, while here Kern has advanced an untimely exhausted discrimination claim. Kern argues that his 151B retaliation claim should survive because Franceschi merely prohibits bootstrapping to an unexhausted discrimination claim, but not to an untimely discrimination claim. Doc. 23 at 5-6. The Court disagrees. The Circuit's language described a rule requiring a live discrimination claim in order to support the bootstrapping exception to the exhaustion requirement. The Court rejected the plaintiff's retaliation claim precisely because there was "nothing properly before the court to which the retaliation claim may be bootstrapped." 514 F.3d at 87. The Court also explained that its holding in Franceschi was in "accord[] with" Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473 (5th Cir. 1991), which held that "where ADEA age-discrimination claims had been dismissed *as untimely* and therefore were not properly before the district court, [the] bootstrapped retaliation claim likewise had to be dismissed, as it had no charge on which to attach itself." Franceschi, 514 F.3d at 87 (citing 932 F.2d at 479) (emphasis added; internal quotation marks omitted). Thus, the Court rejects Plaintiff's argument.

Plaintiff argues, in the alternative, that his Chapter 151B claim may bootstrapped to his ADEA discrimination claim. Doc. 23 at 6-7. However, he cites no authority, and the Court cannot find any, that allows an unexhausted 151B retaliation claim to be bootstrapped to a federal discrimination claim.

IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss counts three and four of the FAC (Doc. 14) is ALLOWED.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge